**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| DESMOND ALEX ALBRIGHT, |
| |
| Plaintiff, |
| |
| v. |
| |
| LENSCRAFTERS, |
| |
| Defendant. |

Civil Action No. 26-116 (JXN)(SDA)

**OPINION**

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Desmond Alex Albright's complaint (ECF No. 1),

application to proceed *in forma pauperis* ("IFP") (ECF No. 1-3), and motion to appoint pro bono

counsel (ECF No. 3). The Court has reviewed the IFP Application, screened the Complaint

pursuant to 28 U.S.C. § 1915, and considered the motion. The Court decides this matter without

oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the

reasons set forth below, Plaintiff's IFP Application is **GRANTED**, the Complaint is **DISMISSED**,

and motion is **DENIED**.

I.    **BACKGROUND**

Plaintiff, who is currently detained at the Hudson County Correctional Facility, sued

LensCrafters, an eyeglasses frame manufacturer. (*See* Compl. at *3,[2] ECF No. 1.) Plaintiff's

twenty-nine page Complaint is handwritten and largely illegible. (*See id.* at *5–29.)

As best the Court can tell, Plaintiff alleges LensCrafters infringed on his patent for

"Prescription Water Goggles." (*Id.* at *4.) Plaintiff claims his patent covers the placing of a

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.
[2] Pincites preceded by an asterisk (*) use ECF pagination.

corrective therapeutic lens inside a frame for use in aquatic activities. (*Id.*) The Complaint includes claims for patent infringement; trademark infringement; intentional and negligent infliction of emotional distress; breach of the Uniform Commercial Code; legal malpractice; violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1; misappropriation of trade secrets; antitrust violations; due process violations; administrative malfeasance; breach of "The Privacy Act"; and "administrative negligence." (*See id.* at \*5–29.)

Plaintiff also applied to proceed IFP. (*See* IFP Appl., ECF No. 1-3.)

## II.    LEGAL STANDARD

The Prison Litigation Reform Act of 1995 ("Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP. Under the Act, a prisoner bringing a civil action IFP must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined during the six-month period. *Id.*

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## III.    **DISCUSSION**

### A.    **The IFP Application is Incomplete**

Under 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed IFP must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the [six]-month period immediately preceding the filing of the complaint." The prisoner must obtain this statement from the "appropriate" prison official. 28 U.S.C. § 1915(a)(2).

Plaintiff filed the Complaint on January 7, 2026. (*See* Compl.) Thus, Plaintiff was required to submit a copy of his trust fund account statement from between July 2025 and January 2026. Plaintiff instead submitted an account summary from November 21, 2025. (*See* IFP Appl. at *4.) The first page lists transactions from between March and May 2025. (*Id.*) The second page lists three transactions between October and November 2025. (*Id.* at *5.) Put simply, the account summary Plaintiff offers (1) does not reflect the six-month period immediately preceding the Complaint, and (2) is missing all transactions between May and October 2025. Moreover, the

prison official who purportedly certified Plaintiff's account statement signed the certification form on May 30, 2025—roughly six months *before* the date of the account statement Plaintiff provided this Court.

Plaintiff's IFP application is, therefore, **denied *without prejudice***. Plaintiff shall have thirty days to resubmit a complete IFP application, including a six-month account statement legibly certified by the appropriate official.

### B.        The Complaint is Incoherent

The Court "has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). The Court, accordingly, moves to the Complaint

A pleading must contain, at minimum, (1) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (2) "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). At a minimum, a pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). A complaint must identify "discrete defendants and the actions taken by these defendants." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citation omitted). "[D]ismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). "'The dismissal of a complaint on the ground that it is unintelligible is unexceptional' because it cannot satisfy the basic notice function of a pleading." *Garrett*, 938 F.3d at 93 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

The Complaint is unintelligible. It is twenty-nine pages long, handwritten, and extremely difficult to read. The Complaint does not delineate between factual allegations, legal arguments, and separate causes of action (of which there are many)—everything is lumped together in multi-page-long paragraphs. (*See, e.g.*, Compl. at *6–11, *12–13, *14–17, *20–22, *23–27.) The words in Plaintiff's Complaint vary in "size, clarity, punctuation, [and] capitalization." *Sarboukh v. Glading*, No. 15-6499, 2015 WL 6739119, at *1 (D.N.J. Nov. 3, 2015). An unintelligible pleading, like Plaintiff's, does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *see also Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007) (affirming dismissal of complaint as "illegible or incomprehensible."); *Sarboukh*, 2015 WL 6739119, at *1 (dismissing "hand written and extremely difficult to read" complaint as unintelligible).

Consequently, the Complaint is **dismissed *without prejudice***. Should Plaintiff wish to file an amended pleading, he should write or type the complaint legibly, in a consistent size equivalent to twelve-point font, in clearly delineated paragraphs.

## C.    The Court Denies the Motion to Appoint Pro Bono Counsel

There is no constitutional or statutory right to counsel for civil litigants. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). Nevertheless, under 28 U.S.C. § 1915(e)(1), the Court "court may request an attorney to represent any person unable to afford counsel." Appointment of counsel is, therefore, discretionary. *Parham*, 126 F.3d at 457.

Before appointing counsel, the Court "must consider as a threshold matter the merits of the plaintiff's claim." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If the plaintiff's claim has some merit, the Court then considers:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155–56). The *Tabron* factors are not exhaustive; they serve as a guidepost for the Court's inquiry. *Id.* at 458. "Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.*

Plaintiff's motion for pro bono counsel fails at the threshold. Because the Complaint is unintelligible, its "true substance, if any, is well disguised.'" *Ruther*, 556 F. App'x at 92. Therefore, at this juncture, the Court cannot consider the *Tabron* factors. The motion to appoint counsel is, consequently, **denied *without prejudice*** to Plaintiff's ability to refile the motion pending proper amendment.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's IFP Application (ECF No. 1-3) is **DENIED**, the Complaint (ECF No. 1) is **DISMISSED *without prejudice***, and the motion to appoint pro bono counsel (ECF No. 3) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED: 5/13/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**